## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

JOHN BOYER, CONSTANCE BOYER,
STEPHEN DAVIS, BARBARA C. DAVIS,
ROBERT F. DOLSKI, FLORENCE M.
DOLSKI, PAUL HEIMBACH, MARIAN
HEIMBACH, JOSEPH N. HICKEY,
CARMITA HICKEY, MICHAEL
MCGROARTY, MARGARET
MCGROARTY, FLOYD D. ROBINSON,
DONNA R. ROBINSON,

      Plaintiffs,

v.

CHESAPEAKE ENERGY
CORPORATION,
CHESAPEAKE OPERATING, L.L.C.,
CHESAPEAKE ENERGY MARKETING,
INC., STATOIL USA ONSHORE
PROPERTIES INC., ANADARKO E&P
ONSHORE LLC, MITSUI E&P USA LLC,
and CHIEF EXPLORATION &
DEVELOPMENT, L.L.C.,

      Defendants.

CIVIL ACTION NO. 3:15-cv-02039
_____

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Chesapeake Energy

Corporation, Chesapeake Operating, L.L.C., and Chesapeake Energy Marketing, Inc.

(collectively, the "Removing Defendants") hereby remove to this Court the action styled *Boyer,*

*et al. v. Chesapeake Energy Corporation, et al.*; Cause No. DC-15-06520 in the District Court of

Dallas County, Texas.   Removing Defendants remove this case on the basis of this Court's

original diversity jurisdiction under 28 U.S.C. § 1332(a).   Complete diversity of citizenship

exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   In support of removal, Removing Defendants state as follows:

## I.      The State Court Action

1.      On June 8, 2015, Plaintiffs John Boyer, Constance Boyer, Stephen Davis, Barbara C. Davis, Robert F. Dolski, Florence M. Dolski, Paul Heimbach, Marian Heimbach, Joseph N. Hickey, Carmita Hickey, Michael McGroarty, Margaret McGroarty, Floyd D. Robinson, Donna R. Robinson ("Plaintiffs") filed an Original Petition (the "Petition") in Cause No. DC-15-06520 in the District Court of Dallas County, Texas (the "State Court Action").

2.      Under 28 U.S.C. § 1446(a) and Local Civil Rule 81.1(a)(4), copies of the following documents are attached to this Notice of Removal:

| | |
|---|---|
| **Exhibit A**: | Index of documents filed with Defendants' Notice of Removal and copies of each document filed in the State Court Action, except discovery material: |
| | **Exhibit A-1:**  Civil Case Information Sheet (June 8, 2015) |
| | **Exhibit A-2:**  Plaintiffs' Original Petition (June 8, 2015) |
| | **Exhibit A-3:**  Defendants Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., and Chesapeake Energy Marketing, Inc.'s Original Answer to Plaintiffs' Original Petition (June 15, 2015) |
| **Exhibit B**: | A copy of the docket sheet in the State Court Action (printed on June 15, 2015); and |
| **Exhibit C**: | Defendants' separately signed Certificates of Interested Persons. |

## II.     Original Subject-Matter Jurisdiction

3.      This Court has original diversity jurisdiction over this case under 28 U.S.C. § 1332(a).  Complete diversity of citizenship exists and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Complete diversity of citizenship existed at

the time Plaintiff filed the State Court Action, and exists at the time of this removal. Thus, the State Court Action may be removed to this Court under 28 U.S.C. § 1441(a).

### A.    Diversity of Citizenship

4.    Complete diversity of citizenship exists among Plaintiffs and all Defendants in this lawsuit because Plaintiffs and all Defendants in this lawsuit are citizens of different states.

#### 1.    Citizenship of Plaintiffs

5.    The citizenship of a natural person is determined by their domicile, *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Plaintiff John Boyer is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

6.    Plaintiff Constance Boyer is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

7.    Plaintiff Stephen Davis is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

8.    Plaintiff Barbara C. Davis is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

9.    Plaintiff Robert F. Dolski is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

10.    Plaintiff Florence M. Dolski is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

11.    Plaintiff Paul Heimbach is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

12.    Plaintiff Marian Heimbach is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

13.     Plaintiff Joseph N. Hickey is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

14.     Plaintiff Carmita Hickey is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

15.     Plaintiff Michael McGroarty is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

16.     Plaintiff Margaret McGroarty is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

17.     Plaintiff Floyd D. Robinson is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

18.     Plaintiff Donna R. Robinson is now, and was at the time that the State Court Action was filed, a citizen of Pennsylvania.

### 2.     Citizenship of Defendants

19.     Defendants are now, and were at the time the State Court Action was filed, citizens of Delaware, Oklahoma, Texas, and Japan.

20.     For diversity jurisdiction purposes, a limited liability company is a citizen of all states in which its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

21.     Defendant Chesapeake Energy Corporation is an Oklahoma corporation with its principal place of business at 6100 N. Western Avenue, Oklahoma City, Oklahoma 73118. Therefore, Defendant Chesapeake Energy Corporation is a citizen of Oklahoma.

22.     The sole member of Defendant Chesapeake Operating, L.L.C. is Chesapeake Energy Corporation.   Therefore, the citizenship of Defendant Chesapeake Operating, LLC is Oklahoma.

23.     In November 2014, Defendant Chesapeake Energy Marketing, Inc. converted to an Oklahoma limited liability company.   Prior to the conversion, it was an Oklahoma corporation.   Its principal place of business, in either corporate form, has been and is 6100 N. Western Avenue, Oklahoma City, Oklahoma 73118.   The sole member of Chesapeake Energy Marketing, L.L.C. is Chesapeake Energy Corporation.   Therefore, the citizenship of Defendant Chesapeake Operating, LLC is Oklahoma.

24.     Defendant Statoil Onshore Properties Inc. is a Texas corporation with its principal place of business at 2103 City West Boulevard, Suite 800, Houston, Texas 77042. Therefore, Defendant Statoil Onshore Properties Inc. is a citizen of Texas.

25.     The sole member of Defendant Anadarko E&P Onshore LLC is Anadarko USH1 Corporation.  Anadarko USH1 Corporation is a Delaware corporation with its principal place of business at 1201 Lake Robbins Drive, The Woodlands, Texas 77380. Therefore, Defendant Anadarko E&P Onshore LLC is a citizen of Delaware and Texas.

26.     The sole member of Defendant Mitsui E&P USA LLC is Mitsui & Co. Ltd. Mitsui & Co. Ltd. is a Japanese corporation with its principal place of business at 2-1, Ohtemachia 1-Chome, Chiyoda-Ku, Tokyo 100-0004, Japan. Therefore, Defendant Mitsui E&P USA LLC is a citizen of Japan.

27.     Based on all publicly available information, the member of Defendant Chief Exploration & Development Company, L.L.C. is citizen of Texas with its principal place of

business at 5956 Sherry Lane, Dallas, Texas 75225.  Therefore, Defendant Chief Exploration & Development Company, L.L.C. is citizen of Texas.

28.    Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants in this lawsuit under 28 U.S.C. § 1332(a).  Plaintiffs are now, and were at the time that the State Court Action was filed, citizens of Pennsylvania.  Defendants are now, and were at the time that the State Court Action was filed, citizens of Oklahoma, Texas, and Japan.

**B.    Amount in Controversy**

29.    The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

30.    Removal is proper on the basis of amount in controversy asserted if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1446(c)(2)(B).  In establishing the amount in controversy, Defendants may rely on allegations in the Petition.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) (defendant "may rely on an estimate of potential damages from the allegations in the complaint," and a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal"); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed.").

31.    If it is facially apparent from the Petition that the amount in controversy exceeds the jurisdictional minimum, then no strict proof is required from the defendant.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  In making this determination, the court

may refer to the types of claims alleged and the nature of the damages sought. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

32.     It is facially apparent from reviewing Plaintiffs' allegations and claims in the Petition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiffs assert causes of action for (1) breach of contract, (2) ambiguity in the alternative, and (3) fraud.  Plaintiffs allege that, based on the allegations and causes of action, they are seeking monetary relief in excess of $1,000,000, exclusive of interest and costs. *See* Petition ¶ 66.

33.     Further, Plaintiffs allege that defendants are jointly and severally liable for this amount.  Petition ¶¶ 36-39; *see Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (citing *Walter v. Ne. R. Co.*, 147 U.S. 370 (1893)); *Middle Tenn. News Co. v. Charnel of Cincinnati*, 250 F.3d 1077 (7th Cir. 2001); *Weston Plaza, Inc. v. Hartford Lloyd's Ins. Co.*, 2011 U.S. Dist. LEXIS 118673 (N.D. Tex. Sept. 1, 2011).

34.     Given the number and identity of the Plaintiffs and the amount of monetary relief sought, it is facially evident from the Petition that at least one Plaintiff seeks to recover in excess of $75,000.00, exclusive of interest and costs. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *see also Snyder v. Harris*, 394 U.S. 332, 335 (1969) (permitting aggregation of claims when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest").

35.     Because this action is wholly among citizens of different states and the amount in controversy exceeds the jurisdictional threshold amount, this Court has original diversity jurisdiction over this case under 28 U.S.C. §§ 1332 and 1441.

### III.   Timeliness of Removal

36.     As required by 28 U.S.C. § 1446(b), this notice of Removal is timely because it is filed within thirty (30) days of Removing Defendants' receipt of the Petition on June 8, 2015.

### IV.   Other Procedural Requirements

37.     Defendants file this Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division, which is the district and division within which the State Court Action was pending.  *See* 28 U.S.C. §§ 1441(a), 124(a)(2).

38.     No defendant has been served in this action.  Removing Defendants, who are non-forum defendants, general denials in the State Court Action and, therefore, are deemed to have been served for determining removal.  *See Carrs v. AVCO Corp.*, No. 11-3423, 2012 U.S. Dist. LEXIS 74562, at *5-9 (N.D. Tex. May 30, 2012); *Davis v. Cash*, No. 01-1037, 2001 U.S. Dist. LEXIS 15546, at *6-7 (N.D. Tex. Sept. 27, 2001).

39.     Because no other defendant, including the resident defendants have been served, removal of the State Court Action is not precluded by 28 U.S.C. § 1441(b).  *See, e.g., Carrs*, 2012 U.S. Dist. LEXIS 74562, at *5-9; *Davis*, 2001 U.S. Dist. LEXIS 15546, at *6-7; *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002).

40.     Because no other defendant has been served, no consent is required to remove the State Court Action pursuant to 28 U.S.C. § 1446(b).  *See, e.g., Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("Notably, even when removal is effected pursuant to § 1441, only co-defendants who have been 'properly joined *and served*' must join in or consent to the removal." (quoting 28 U.S.C. § 1446(b)(2)(A))).

41.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

42.     Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Dallas County, Texas, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

43.     By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions under state or federal law, including the right to compel arbitration.

## V.     Conclusion

For these reasons, Defendants Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., and Chesapeake Energy Marketing, Inc. hereby remove the State Court Action to the United States District Court for the Northern District of Texas, Dallas Division, in accordance with 28 U.S.C. §§ 1441 and 1446 and Local Civil Rule 81.1.  Defendants respectfully request that this Court assume jurisdiction over this action and that all further proceedings in the State Court Action be stayed.

Respectfully submitted:

Dated: June 15, 2015                          /s/ Craig Haynes
                                              Craig Haynes
                                              Texas Bar No. 09284020
                                              craig.haynes@tklaw.com

*Of Counsel* (pending *pro hac vice* admission)    Greg W. Curry
                                              Texas Bar No. 05270300
Seamus C. Duffy                               greg.curry@tklaw.com
seamus.duffy@ dbr.com

                                              Rachelle H. Glazer

Kathryn E. Deal
kathryn.deal@dbr.com

DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone:  215.988.2700
Facsimile:  215.988.2757

Texas Bar No. 09785900
rachelle.glazer@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: 214.969.1700
Facsimile: 214.969.1751

Attorneys for Defendants Chesapeake
Energy Corporation, Chesapeake Operating,
L.L.C., and Chesapeake Energy Marketing,
Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically on the 15th day of June 2015, and in compliance with Local Civil Rule 5.1(d), a copy of this document has been served on counsel of record for Plaintiffs.

/s/ Rachelle H. Glazer
Rachelle H. Glazer