# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN BOYER, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | )  NO. CIV-15-1017-HE |
| | ) |
| CHESAPEAKE ENERGY | ) |
| CORPORATION, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

According to the petition,[1] plaintiffs are owners of mineral interests in Bradford County, Pennsylvania. They allegedly entered into oil and gas leases with defendant Chesapeake Energy Corporation or its affiliated entities ("Chesapeake"), and are entitled to the payment of royalties under the terms of the leases. Chesapeake is alleged to be the operator of the leases. The other defendants are non-operating working interest owners. Plaintiffs generally allege defendants underpaid royalties to them.[2]

Defendant Statoil USA Onshore Properties Inc. ("Statoil") has moved to dismiss the claims against it for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Also pending is plaintiffs' motion for leave to amend their complaint to add Larchmont Resources LLC as a defendant. The court concludes the motion to dismiss should be granted in part and denied

---

[1]*The petition filed in state court is referred to hereafter as the complaint. This case was commenced in Texas state court, later removed to the U.S. District Court for the Northern District of Texas, and transferred by that court to this one.*

[2]*There were fourteen plaintiffs at the time the suit was filed. Ten of those have dismissed their claims (see Doc. #74) and four remain: Stephen Davis, Barbara Davis, Paul Heimbach and Marian Heimbach.*

in part, and that the motion for leave to amend and add party should be denied.

Statoil seeks dismissal of plaintiffs' fraud claims on the basis that they are not pled with the specificity required by Fed.R.Civ.P. 9(b) and that they are barred by the substantive law of both Pennsylvania and Texas law.[3] Plaintiffs' response does not address either argument. There is nothing in the complaint which identifies any specific misrepresentation by Statoil nor is there any obvious basis for rejecting the substantive doctrines which defendant relies on. Plaintiffs have therefore confessed the motion. *See* L.Cv.R. 7.1(g). The fraud claims against Statoil will be dismissed and, in light of the substantive objection noted, the dismissal will be with prejudice.

Statoil has moved to dismiss the contract claims on the basis they do not sufficiently allege compliance with all conditions precedent to plaintiffs' right to recover, in particular a contract provision allegedly requiring notice to the lessee of any claimed breach and a one-year opportunity to cure. The complaint generally alleges compliance with all conditions precedent (Doc. #1-3, ¶ 63) and plaintiffs argue such general allegations are permitted by Fed.R.Civ.P. 9(c). The court agrees. Defendant's argument is, in substance, an effort to apply the pleading standards announced in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), to the pleading of conditions precedent. Those cases were directed to the general standard for pleading a claim for relief under Fed.R.Civ.P.

---

[3]*Statoil relies on authorities in both states indicating that a fraud claim will not ordinarily be recognized where the "gist of the action" is in contract and the only loss or damage is to the subject matter of the contract.*

8(a), rather than to allegations relating to conditions precedent which are specifically addressed in Rule 9(c). That rule authorizes "generally" pleading compliance with conditions precedent, as plaintiffs have done here. *See* Hildebrand v. Allegheny Cnty., 757 F.3d 99, 111–12 (3rd Cir. 2014)("Neither Iqbal nor Twombly purport to alter Rule 9."); *also* Swanda Bros. Inc. v. Chasco Constructors, Ltd., No. CIV-08-199-D, 2009 WL 290936, at *1–2 (W.D. Okla. Feb. 5, 2009) The motion will be denied as to the contract claim,

With respect to plaintiffs' motion for leave to join Larchmont Resources LLC ("Larchmont") as a defendant, Chesapeake and Statoil object on the basis that Larchmont is not an indispensable party, that it is likely a non-diverse party, and adding it as defendant would likely destroy diversity. Plaintiffs deny any effort to avoid federal jurisdiction, arguing that none of the parties now know whether Larchmont is diverse or not, but urge that Larchmont needs to be a party for various reasons.

The court concludes on the present showing that plaintiffs' motion to add Larchmont should be denied. The motion arises against the backdrop of 28 U.S.C. §1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Apparently no party is presently certain where Larchmont's citizenship is, but plaintiff does not contest defendants' assertion that Larchmont is a limited liability company with members which are themselves unincorporated associations and that, as a result, determining citizenship is a substantial and complex task. However, there appears to be a substantial likelihood that adding Larchmont

would destroy subject matter jurisdiction, based on the scope of its apparent membership. Further, there are various indications that plaintiffs seek to add Larchmont, at least in part, because of the potential impact on jurisdiction. They have voluntarily dismissed other non-operating working interest owners which appear to be positioned the same as Larchmont, undercutting their suggestion here that Larchmont is an indispensable party.[4] Further, the timing of the effort to add Larchmont comes soon after the impact of its citizenship in other, similar cases became an issue and was known to the parties. Finally, there appears to be no substantial prejudice to plaintiffs from not permitting joinder. If their claims ultimately prove to be valid, they will have a judgment against the apparently solvent entity that was the operator of the wells and which committed the alleged breaches. To the extent joint and several liability exists as to the non-operating owners, plaintiffs retain the ability to pursue Larchmont separately in the same fashion that they presumably could with respect to the other non-operators they have voluntarily dismissed. In sum, plaintiffs have not made a showing sufficient to warrant granting leave in the circumstances existing here, where doing so would put in substantial question the court's continued subject matter jurisdiction. *See generally*, State Distribs. Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984).

---

[4]*Plaintiffs argue Larchmont is an indispensable party because it may be jointly and severally liable with Chesapeake. However, joint and several liability does not translate into indispensable status. See Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1549–50 (10th Cir. 1993); Fed.R.Civ.Proc. 19 advisory committee notes ("[Rule 19] is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").*

Statoil's motion to dismiss [Doc. #50] is therefore **GRANTED** as to plaintiffs' fraud claims [Doc. #50] and those claims are dismissed with prejudice. The motion is **DENIED** as to the breach of contract claims. Plaintiffs' motion for leave to join Larchmont and file an amended complaint [Doc. 61] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of October, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE